UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOTT J. SANTOS, | Case No.:  26-cv-00087-JO-AHG |
| Plaintiff, | |
| | **MINUTE ORDER** |
| v. | |
| UNITED STATES DISTRICT COURT, | |
| Defendant. | |

On January 7, 2026, pro se Plaintiff Elliot J. Santos filed a complaint against the United States District Court, alleging claims of patent infringement. Mr. Santos also filed a motion to proceed in forma pauperis ("IFP") accompanied by an affidavit listing his income and assets. Dkt. 4. Upon reviewing Mr. Santos' affidavit regarding his financial condition, the Court GRANTS his IFP motion [Dkt. 4]. 28 U.S.C. § 1915; *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

Because the Court grants Mr. Santos leave to proceed IFP, it screens his complaint pursuant to § 1915(e)(2)(B). Under § 1915(e)(2)(B), a court may *sua sponte* dismiss a case

26-cv-00087-JO-AHG

if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief."

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  The only waiver for patent infringement claims against the Government is 28 U.S.C. 1948(a), which vests exclusive jurisdiction in the Court of Federal Claims.  *See Richmond Screw Anchor Co. v. United States*, 275 U.S. 331, 343 (1928) (noting purpose of the act is "to limit the owner of the patent and his assigns and all claiming through or under him to suit against the United States in the Court of [Federal] Claims"); *see also FastShip, LLC v. United States*, 131 Fed. Cl. 592, 607 (2017) ("Pursuant to 28 U.S.C. § 1498(a), the United States has waived sovereign immunity and vested in this court [the Court of Federal Claims] exclusive jurisdiction to adjudicate patent infringement claims against the federal government[.]").

Because Mr. Santos' sole claim is against an instrumentality of the federal government for patent infringement, this Court lacks jurisdiction over this action. Accordingly, the Court DISMISSES Mr. Santos' complaint [Dkt. 1] in its entirety for lack of subject matter jurisdiction. The case is dismissed without prejudice but without leave to amend in the Southern District of California.  The Clerk of the Court is directed to close the file.

**IT IS SO ORDERED**.

Dated:  January 30, 2026

_____
Honorable Jinsook Ohta
United States District Judge

26-cv-00087-JO-AHG